**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAST CHANCE BUYS, INC., a Florida Corporation; OLUWATOSIN AJIBOYE a/k/a ZOE AJIBOYE a/k/a ZOE AERIN, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:15-cv-05038-HSG<br><br>**AMENDED PERMANENT INJUNCTION AGAINST DEFENDANTS LAST CHANCE BUYS, INC., AND OLUWATOSIN AJIBOYE; AND DISMISSAL OF ENTIRE ACTION WITH PREJUDICE**<br><br>**Honorable Haywood S. Gilliam, Jr.** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction & Dismissal ("Stipulation") between Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff"), on the one hand, and Defendants LAST CHANCE BUYS, INC., and OLUWATOSIN AJIBOYE a/k/a ZOE AJIBOYE a/k/a ZOE AERIN ("Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. **JURISDICTION.**

   a. This case involves Plaintiff's claims of federal Trademark Infringement arising under 15 United States Code ("U.S.C.") §1114, False Designation of Origin under 15 U.S.C. §1125(a), Trademark Dilution under 15 U.S.C. §1125(c), federal Copyright Infringement arising under 17 U.S.C. §501(a), Unfair Business Practices pursuant to California Business & Professions Code §17200, and Breach of Contract.

   b. The Court has personal and supplemental jurisdiction over Plaintiff's claims arising under California statutory and common law pursuant to 28 U.S.C. §1367 because they are so related to the federal claims as to form part of the same case or controversy.

2. **FINDINGS OF FACT.** Plaintiff and Defendants have stipulated to the following facts, which are hereby adopted by the Court:

   a. Plaintiff Adobe Systems Incorporated is a Delaware Corporation with its principal place of business in San Jose, California.

   b. Defendant Last Chance buys, Inc., was a company incorporated in the State of Florida with its principal place of business in Los Angeles, California.

   c. Defendant Oluwatosin Ajiboye a/k/a Zoe Ajiboye a/k/a Zoe Aerin is a resident in Los Angeles, California, and was the sole shareholder and controlling officer of Defendant Last Chance Buys, Inc.

   d. Plaintiff is the source of the ADOBE® line of products and services, including but not limited to ADOBE®-branded ACROBAT® and CREATIVE SUITE® products and services, and uses and owns various trademarks, copyrights and other intellectual property on and in connection with such products and services, including, among others, its ADOBE® word and design marks, its ACROBAT® word and design marks, its CREATIVE SUITE® word and design marks, its copyrights in and related to its software, websites, text and other works of authorship, along with various trademark and copyright applications and registrations therefor in the United States and abroad (collectively "Plaintiff's Trademarks and Copyrights").

1       e.      Consumers and/or purchasers in the United States and worldwide have come to recognize Plaintiff's Trademarks and Copyrights, including but not limited to the ADBOE®, ACROBAT®, and CREATIVE SUITE® marks and works, and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the ADOBE®, ACROBAT® and CREATIVE SUITE® marks are famous in the United States and worldwide.

      f.      Plaintiff has contended that Defendants have distributed and sold unauthorized ADOBE® software, and related products, bearing and/or utilizing one or more of Plaintiff's Trademarks and Copyrights.

      g.      Defendants acknowledge and do not contest Plaintiff's exclusive rights in and to Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works, and Plaintiff's exclusive right to distribute products utilizing Plaintiff's Trademarks and Copyrights, including the ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works.

      h.      Plaintiff has no adequate remedy at law for the acts of Defendants complained of herein, or for the acts of any third parties who have acted in concert with and at the direction of Defendants, as injury to Plaintiff's reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

3. **LEGAL AUTHORITY.**

      a.      Pursuant to the Lanham Act, the Court "shall have power to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. §1116(a). Similarly, in a copyright action, the Court has the authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502.

      b.      Plaintiff and Defendants have stipulated to the above findings of fact as well as to entry of a permanent injunction against Defendants. Stipulations between parties are

1  generally adopted by courts and should not be lightly set aside. *Dexter v. Kirschner*, 984 F.2d
2  979, 984 (9th Cir. 1992), *citing In re Lenox*, 902 F.2d 737, 739 (9th Cir. 1990). In particular,
3  "[w]hen parties have entered into stipulations as to material facts, those facts will be deemed to
4  have been conclusively established." *U.S. v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976), *citing*
5  *Schlemmer v. Provident Life & Accident Ins. Co.*, 349 F.2d 682, 684 (9th Cir. 1965). Stipulations
6  entering injunctions are typically upheld *See Levi Strauss & Co. v. California Denim Resources*
7  *Inc.*, 2001 WL 348973 (N.D. Cal. Mar. 16, 2001) (entering permanent injunction in connection
8  with settlement based on stipulated facts); *Bowles v. Dodge*, 141 F.2d 969, 970 (9th Cir. 1944)
9  (injunction upheld where law provided for entry of a permanent injunction and parties stipulated
10 to the facts and form of the injunction); *see also, e.g., Adobe Systems Incorporated v. Shamcy*
11 *Alghazzy*, CAND Case No. 5:15-cv-01443-BLF, Docket No. 60 (permanent injunction entered
12 pursuant to settlement and stipulation); *Adobe Systems Incorporated v. Jill Temple*, CACD Case
13 No. 2:14-cv-06329-CBM-JPR, Docket No. 58 (same); *Adobe Systems Incorporated v. Los*
14 *Angeles Computer Department LLC*, CACD Case No. 2:15-cv-05549-PA-RAO, Docket No. 50
15 (same); *Adobe Systems Incorporated v. Tran*, CAND Case No. 3:15-cv-04252-SI, Docket No. 36
16 (same); *Adobe Systems Incorporated v. Macpro LA Inc.*, CAND Case No. 3:15-cv-03541-CRB
17 (same); *Adobe Systems Incorporated v. Buy Mac Now LLC*, CAND Case No. 3:15-cv-02367-
18 MMC (same).

19        4.    **PERMANENT INJUNCTION.**  Defendants and any person or entity acting in
20 concert with, or at their direction, including any and all agents, servants, employees, partners,
21 assignees, distributors, suppliers, resellers and any others over which they may exercise control,
22 are hereby restrained and enjoined, pursuant to 15 *United States Code* ("U.S.C.") §1116(a) and
23 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third
24 party to engage in, any of the following activities in the United States and throughout the world:
25        a.    importing, exporting, marketing, purchasing, downloading, selling,
26 offering for sale, distributing or dealing in any product or service that uses, or otherwise making
27 any use of, any of Plaintiff's ADOBE® and/or ACROBAT® trademarks and copyrights
28 ("Plaintiff's Trademarks and Copyrights"), and/or any intellectual property that is confusingly or

1   substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks
2   and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark,
3   trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions,
4   solicitations, commercial exploitation, television, web-based or any other program, or any
5   product or service, or otherwise;

6         b.    copying or downloading, other than for personal use of a validly licensed
7   and registered software, of any software containing Plaintiff's Trademarks and Copyrights,
8   including but not limited to ADOBE® and ACROBAT® marks and works, and/or any
9   intellectual property that is confusingly or substantially similar to, or that constitutes a colorable
10  imitation of, any of Plaintiff's Trademarks and Copyrights;

11        c.    importing, exporting, marketing, purchasing, downloading, selling,
12  offering for sale, distributing or dealing in any product or service that uses, or otherwise making
13  any use of, any of Plaintiff ADOBE®'s original equipment manufacture ("OEM") and education
14  or academic version products;

15        d.    importing, exporting, marketing, purchasing, downloading, selling,
16  offering for sale, distributing or dealing in any product or service that uses, or otherwise making
17  any use of any of Plaintiff ADOBE®'s serial activation keys or numbers;

18        e.    importing, exporting, marketing, purchasing, downloading, selling,
19  offering for sale, distributing or dealing in any product or service that uses, or otherwise making
20  any use of any of Plaintiff ADOBE®'s products that are intended to be sold only outside of the
21  United States of America;

22        f.    performing or allowing others employed by or representing them, or under
23  their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's
24  Trademarks and Copyrights, including but not limited to ADOBE® and ACROBAT® marks and
25  works, and/or Plaintiff's business reputation or goodwill, including making disparaging,
26  negative, or critical comments regarding Plaintiff or its products;

27
28

     g. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

     h. using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE® and ACROBAT® marks and works.

  5. Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit ADOBE® software products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendants' possession.

  6. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court, and the case shall be dismissed in its entirety upon entry of this Permanent Injunction.

  7. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

  8. Defendants will be making agreed upon payments to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

  9. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of the Confidential Settlement Agreement and this Permanent Injunction.

  10. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

  11. **DISMISSAL.** The Court hereby dismisses this action in its entirety upon entry of this Permanent Injunction against Defendants.

1  IT IS SO ORDERED, ADJUDICATED and DECREED this 8th day of
2  July, 2016.

                                                                                     */s/ Haywood S. Gilliam, Jr.*
                                                                                     HONORABLE HAYWOOD S. GILLIAM, JR.
                                                                                     United States District Judge
                                                                                     Northern District of California
                                                                                     San Francisco Courthouse